■ SELMA KORNBERG, Appellant, v CITY OF NEW YORK, Respondent. [638 NYS2d 61] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered November 28, 1994, dismissing the complaint upon the trial court's decision dated June 1, 1994, which granted the City's motion to set aside the jury's verdict in favor of plaintiff in the sum of $585,754, unanimously reversed, on the law and the facts, without costs, the City's motion denied, and the matter remanded for a new trial solely on the issue of damages unless, within 20 days of service of a copy of this order with notice of entry, plaintiff stipulates to a reduced verdict in the sum of $400,000 and entry of an amended judgment in accordance therewith, in which case the judgment as so amended is affirmed without costs.

No expert testimony on the issue was mandated and it was clearly within the province of the jury to determine whether or not the removal of the ramp and the resultant four inch step required corrective action by the City in light of the testimony of Jeannette Holmes, who worked in the office primarily served by the entrance in issue, that she had personally reported the missing ramp to the City and that, in the subsequent two weeks prior to plaintiff's accident, "there were people tripping since the ramp wasn't there coming into that entrance." However, given plaintiff's advanced age and the nature of her injuries, we deem the award for past and future pain and suffering and loss of future wages excessive to the extent indicated in that it deviates materially from what would be reasonable compensation under the circumstances of this case. Concur—Rosenberger, J. P., Rubin, Kupferman and Mazzarelli, JJ.